## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

### CIVIL DIVISION

|  |  |
|---|---|
| ) | CIVIL ACTION |
| ) | No.: 24-CV-00551 |
| BOARD OF TRUSTEES OF THE GREATER ) | |
| PENNSYLVANIA CARPENTERS' MEDICAL ) | **COMPLAINT** |
| PLAN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JUSTIN BARTHOLOMEW; and ) | |
| CASEY BARTHOLOMEW ) | |
| ) | |
| Defendants. ) | |

Filed on Behalf of Plaintiffs:
Board of Trustees of the Greater
Pennsylvania Carpenters' Medical
Plan


Counsel of Record for this Party:

Stephen J. O'Brien, Esq.
PA ID # 59204

Elizabeth F. Charles, Esq.
PA ID # 92622

Stephen J. O'Brien & Associates, LLC
650 Ridge Road, Suite 400
Pittsburgh, PA  15205
(412) 788-7560

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL DIVISION**

|  |  |  |
|---|---|---|
| | ) | CIVIL ACTION |
| | ) | No.: 24-CV-00551 |
| BOARD OF TRUSTEES OF THE GREATER | ) | |
| PENNSYLVANIA CARPENTERS' MEDICAL | ) | **COMPLAINT** |
| PLAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN BARTHOLOMEW; and | ) | |
| CASEY BARTHOLOMEW | ) | |
| | ) | |
| Defendants. | ) | |

AND NOW COMES the Plaintiff, Board of Trustees of the Greater Pennsylvania Carpenters' Medical Plan (hereinafter "Plan"), by and through its attorneys Stephen J. O'Brien, Esquire, Elizabeth F. Charles, Esquire, and the law firm of Stephen J. O'Brien & Associates, LLC and files this Complaint pursuant to § 502(a)(2) and (a)(3) of the Employee Retirement Income Security Act (hereinafter "ERISA") and federal common law for equitable relief and damages, averring the following:

## PARTIES AND JURISDICTION

1.      Plaintiff, the Board of Trustees of the Greater Pennsylvania Carpenters' Medical Plan (GPCMP), is the "named fiduciary" of the Plan as defined by ERISA § 402(a)(2).  The

1

Greater Pennsylvania Carpenters' Medical Plan is a self-insured employee welfare benefit plan within the meaning of ERISA Section 2(1), 29 U.S.C. § 1002(1) and a multiemployer plan within the meaning of ERISA Section 3(37), 29 U.S.C. § 1002(37). The Greater Pennsylvania Carpenters' Medical Plan maintains its office at 650 Ridge Road, Suite 300, Pittsburgh, PA 15205. The Board of Trustees pursues this case on behalf of the Plan, its trustees, participants, and beneficiaries.

2.      Defendant Justin Bartholomew is an adult individual residing at 4 Mehard Avenue, Greenville, PA 16125. At all times relevant to this action, Defendant Justin Bartholomew was a participant of the Plan.

3.      Defendant Casey Bartholomew is an adult individual residing at 161 Columbia Avenue, Greenville, PA 16135. Defendant Casey Bartholomew was a Plan beneficiary by virtue of her marriage to Defendant Justin Bartholomew, until the time of the couple's divorce on December 8, 2020.

4.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132, as this is a federal action under ERISA to enforce the terms of the Plan document and to obtain equitable relief and damages.

5.      Venue is appropriate in the United States District Court, Western District of Pennsylvania under 29 U.S.C. §1132(e)(2), because the Plan is administered from 650 Ridge Road, Suite 300, Pittsburgh, PA 15205 located in Allegheny County, Pennsylvania.

## FACTS

### Coverage Provided By the GPCMP

6.      The Plan pays medical expenses and related benefits, including prescription drug expenses for eligible participants and dependents, (hereinafter referred to as medical coverage and prescription coverage).

7.      The Plan maintains agreements with third-party administrators.  Benefits of the Plan are administered through agreements with third-party administrators and through these arrangements the Plan pays for covered participants' and their dependents' medical and related expenses at rates negotiated by the  third-party administrators.

8.      Independence Blue Cross/ Blue Shield serves as the Plan's third-party administrator.

9.      Prescription drug expenses similarly are administered through an agreement with Express Scripts, a Pharmacy Benefits Manager ("PBM") and through the arrangement the Plan pays for covered participants' and their dependents' prescription drug expenses at rates negotiated by the PBM.

10.     At the times described below, the Plan provided coverage to Defendants Justin Bartholomew and Casey Bartholomew.

11.     Unknown to the Plan, however, was the fact that Defendant Justin Bartholomew and Defendant Casey Bartholomew were divorced on December 8, 2020.

### GPCMP Terms of Coverage Based on the Summary Plan Description

12.     The Plan's "Summary Plan Description" ("SPD") sets forth the terms of coverage for participants and beneficiaries of the Plan.   The SPD is provided to all participants and

3

beneficiaries of the Plan, including Defendants Justin Bartholomew and Casey Bartholomew, as a participant or dependent in the Plan.

13.     Attached hereto as Exhibit "1" is a true and correct copy of pertinent pages of the Plan's Benefit Handbook ("Summary Plan Description" or "SPD") for all times relevant to this matter.  The attached SPD is the controlling Plan document.  This SPD, likewise, remains the controlling Plan document for all pharmacy benefits administered by the Plan.

14.     The Plan's SPD provides the terms of coverage for the Plan.

15.     Pursuant to the terms of the Plan, the Trustees of the Plan have discretionary authority to construe the Plan and determine eligibility for benefits.  (See attached SPD, Exhibit 1 at p. 103.)

16.     Under the Plan's SPD, the Plan's definition of "dependent" includes a participant's "legal spouse."  (See attached SPD, Exhibit 1 at p. 109.)

17.     The Plan's SPD states that coverage for a "dependent" will terminate for the reason of divorce.  (See attached SPD, Exhibit 1 at p. 27.)

18.     The Plan's SPD mandates that a former spouse's coverage is terminated as of the date of divorce.  (See attached SPD, Exhibit 1 at p. 27.)

19.     The Plan requires that participants and former spouses must notify the Fund Office within 30 days of the date of their divorce.  (See attached SPD, Exhibit 1 at p. 26.)

**Defendants Failure to Notify the GPCMP About Their Divorce**

20.     At all times herein, Defendant Justin Bartholomew was a participant of the Plan.

21.    On December 8, 2020 a final divorce decree was entered for the marriage between Defendant Justin Bartholomew and Defendant Casey Bartholomew in a case in the Court of Common Pleas of Mercer County (*Justin Daniel Bartholomew  v. Casey Marie Bartholomew* (Civil Action No: 2020-2405)  (See attached Final Divorce Decree, Exhibit 2.)

22.    Defendants, Justin Bartholomew and Casey Bartholomew failed to notify the Plan of the entry of the Divorce Decree on December 8, 2020 as required by the terms of the Plan.

23.    The issuance of a divorce decree is a material change under the terms of the Plan, and terminates Defendant Casey Bartholomew's eligibility for coverage.

24.    Defendant Casey Bartholomew, as the ex-wife of Defendant Justin Bartholomew, as of December 8, 2020 was no longer a dependent beneficiary, and was therefore, not entitled to receive Plan medical and prescription coverage.

25.    Had the Defendants notified either Plan of the divorce, then the GPCMP would not have paid medical and prescription claims, nor provided coverage to Defendant Casey Bartholomew.

26.    The Plan did not receive notice of the Final Divorce Decree of Justin Bartholomew and Casey Bartholomew until Defendant Justin Bartholomew submitted it to the Plan on or about May 15, 2023.

27.    The Plan could not stop the coverage provided for Defendant Casey Bartholomew, because they did not know a divorce occurred.  (*See Montanile v. Bd. of Trustees of the National Elevator Industry Health Benefit Plan*, 577 U.S.___, 136 S.Ct. 651, 662 (2016) ["our interpretation of 502(a)(3) promotes ERISA's allocating liability for plan related misdeeds in reasonable proportion to respective actors' power to control and prevent the misdeeds"].)

5

**Plan's Damages**

28.     From the period of December 8, 2020 to approximately May 15, 2023, Defendant Casey Bartholomew received Plan coverage for medical and prescription claims in the amount of $4,684.71 during her period of ineligibility.  (See attached Claims Listing, Ex. 3.)

29.     The Plan seeks reimbursement of this amount of $4,684.71 paid on behalf of Defendant Casey Bartholomew during her period of ineligibility.

30.     Alternatively, there is a cost of coverage to the Plan to provide medical and prescription benefits to plan participants or dependents.

31.     This cost of coverage can be calculated by the guidelines set form in the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA") (*See* 26 U.S.C. §§ 1162, 4980B(f)(4)(A).)

32.     The basis of the COBRA rate is the Plan's cost to provide continuation of coverage.  (*Ibid*.)  The allowable "applicable premium" collected by a plan is based on the cost to the plan for such coverage.  (26 U.S.C. §§ 4980B(f)(4)(A), (B).)

33.     26 U.S.C. § 4980B(f)(4)(A) defines "applicable premium" as the following:

"In general—the term "applicable premium" means, with respect to any period of continuation of coverage of qualified beneficiaries, the cost to the plan for such period of coverage for similar beneficiaries with respect to whom a qualifying event has not occurred (without regard to whether such cost is paid by the employer or employee)."

(26 U.S.C. § 4980B(f)(4)(A) (emphasis added).)

34. 26 U.S.C. § 4980B(f)(4)(B) additionally states,

"Special rule for self-insured plans.--To the extent that a plan is a self-insured plan--

6

(i) In general.--Except as provided in clause (ii), the applicable premium for any period of continuation coverage of qualified beneficiaries shall be equal to a reasonable estimate of the cost of providing coverage for such period for similarly situated beneficiaries which--

(I) is determined on an actuarial basis, and

(II) takes into account such factors as the Secretary may prescribe in regulations."

(26 U.S.C. § 4980B(f)(4)(B).)

35.    This COBRA cost of coverage exists based on the actuarial costs of the Plan insuring participants or dependents.

36.    The COBRA rate cost of coverage calculation, includes the Plan's costs for administrative fees and payouts for  medical and prescription coverage.

37.    As an example of the charges paid by the Plan, in 2022 the administrative costs associated with the Plan totaled $2,988,526.00 and medical expenses totaled $93,659,026.00 for providing medical and prescription coverage to 16,423 participants and dependents.

38.    The cost of coverage additionally, includes claims the Plan paid for Defendant Casey Bartholomew from the period of December 8, 2020 to approximately May 15, 2023 totaling $4,684.71.  (*See* Payout Summary, Exhibit 3.)  These are charges for medical services paid by the Plan for Defendant Casey Bartholomew's coverage.

39.    The COBRA rate cost of coverage, furthermore, factors in costs and other expenses based on actuarial evaluation.

40.    From the period of December 8, 2020 to approximately May 15, 2023, the Plan's total cost of coverage for the Defendant Casey Bartholomew is $33,240.00 based on the applicable COBRA rate premiums as reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse of Defendant Justin Bartholomew and not

reimbursed to the Plan.  The Plan seeks recovery, as a minimum, the $4,684.71 paid for coverage of Casey Bartholomew after her eligibility ended.  A recovery based upon the COBRA cost is detailed as follows:

| Year | Months of Coverage | COBRA Rate | Total Owed |
|------|--------------------|-----------|-----------|
| 2020 | 1 | $1,118.00/month | $1,118.00 |
| 2021 | 12 | $1,023.00/month | $12,276.00 |
| 2022 | 12 | $1,148.00 /month | $13,776.00 |
| 2023 | 5 | $1,214.00 /month | $6,070.00 |

41.    The Plan proposes that the proper amount of recovery is the COBRA cost of coverage, regardless of whether the coverage was used or not.  Here it was used and cost the plan $4,684.71.

### Plan's Efforts for Reimbursement

42.    On May 24, 2023, counsel for the Plan sent Defendant Justin Bartholomew correspondence requesting reimbursement for improperly paid claims.  Another letter was sent on June 27, 2023, and again on July 28, 2023.  Three more letters were sent; one on September 21, 2023, and again on October 19, 2023, and again on November 7, 2023.  None of these letters were acknowledged.

43.    On February 21, 2024,  a similar letter was sent to Defendant Casey Bartholomew and another sent to Defendant Justin Bartholomew.  On March 4, 2024, a final letter was sent to both Defendant Casey Bartholomew and Defendant Justin Bartholomew.  The Plan's counsel's

letters to Defendants warned them that if they do not pay the reimbursement of claims paid by

the Plan, the Plan will take legal action against Defendants.

44.     The Plan provides in relevant part,

"The Trustees specifically retain the right to recover all money paid in error to you or on
your behalf or on behalf of your eligible Dependents, from you or any person who has
received benefits on your behalf.

Upon the discovery of the payment made in error, the Trustees will notify you, the
recipient, or beneficiary of the error. The notice will indicate the circumstances and
amount of payment in error, together with a request for repayment. If you or the recipient
fails to repay the amount due within a reasonable time after such notification, the
Trustees may take whatever legal action they deem necessary.  In the case of a payment
error paid to you, the amount of payment made in error may be deducted from any future
benefit payments that you or your Dependents or beneficiary may become entitled to
under this Plan."

(See attached SPD, Exhibit 1 at p. 71.)

45.     No payments for Plan reimbursement were received from the Defendants.


## COUNT I
## Violation of the Terms of the Plan under ERISA
## (Defendants Justin Bartholomew and Casey Bartholomew)

46.     Paragraphs 1- 45 of the Complaint are incorporated herein by reference.

47.     Defendants' failure to reimburse the Plan for the full amount of medical and

prescription benefits the Plan paid on behalf of Defendant Casey Bartholomew, as a dependent

of Defendant Justin Bartholomew from December 8, 2020 to approximately May 15, 2023 is a

violation of the terms of the Plan.

48.     Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29

29 U.S.C. § 1132 (a)(3), provides that a civil action may be brought by a fiduciary to obtain

appropriate relief for a violation of the terms of a Plan or to enforce any provision of the terms of

the Plan.

9

49.     Pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (a)(3), the Board of Trustees seeks equitable relief, including, but not limited to specific performance, injunction, and/or equitable restitution to enforce the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

**COUNT II**
**Equitable Relief under ERISA § 502(a)(3)**
**(Defendants Justin Bartholomew and Casey Bartholomew)**

50.     Paragraphs 1-49 of the Complaint are incorporated herein by reference.

51.     ERISA § 502(a)(3), as codified by 29 U.S.C. § 1132(a)(3)(B) allows a fund to obtain equitable relief to redress violations.

52.     Defendants' failure to reimburse the Plan for medical and prescription benefits the Plan paid on behalf of Defendant Casey Bartholomew, as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew, from December 8. 2020 to approximately May 15, 2023, allows the Plan's recovery of these specifically identifiable funds that belong in good conscience to the Plan and are in the possession and control of Defendant.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

**COUNT III**
**Federal Common Law Fraud**
**(Defendants Justin Bartholomew and Casey Bartholomew)**

53.     Paragraphs 1-52 of the Complaint are incorporated herein by reference.

54.     An ERISA plan may seek reimbursement from its members based on federal common law fraud.  (*See for example, Ferry v. Mutual Life Ins. Co. of New York*, 868 F.Supp. 764, 776 (W.D. Pa. 1994) ["A fraud cause of action under the federal common law would operate as a safeguard"].)

55.     It is alleged that Defendants Justin Bartholomew and Casey Bartholomew deliberately and knowingly misrepresented their marital status to the Plan in order to obtain benefits for Casey Bartholomew to which she was not entitled.

56.     This misrepresentation was willful and deliberate and done with the intention of obtaining a benefit to which defendants knew they were not entitled.

57.     Defendant Justin Bartholomew had an ongoing duty to provide the Plan with proper, truthful, accurate and any updated information regarding his relationship to any

11

dependents, or lack thereof including any legal spouse. The terms of the Plan expressly require participants, dependents and beneficiaries to notify the plan of their divorce.

58.    It is alleged that Defendant Justin Bartholomew knew that his ex-wife was not entitled to remain covered under the Plan based on the terms of the Plan. Defendant Justin Bartholomew as plan participant received a copy of the Plan's SPD. The terms of the Plan's SPD prohibit Plan coverage for an ex-spouse as a dependent.

59.    It is alleged that Defendant Justin Bartholomew deliberately failed to inform the Plan about his divorce, and maintained coverage for his ex-wife Defendant Casey Bartholomew for coverage in for which she was not eligible.

60.    The Plan's detrimental reliance on the misrepresentation was justified because the terms of the Plan's SPD state that participants and beneficiaries must immediately inform the Plan about a change in status of their marriage.

61.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage to Defendant Casey Bartholomew, which it would not have provided but for the fraudulent misrepresentation of the Defendants' marital status.

62.    It is alleged that Defendant Casey Bartholomew deliberately and knowingly misrepresented her marital status to the Plan resulting in the payment of benefits for Defendant Casey Bartholomew to which she was not entitled.

63.    It is alleged that this misrepresentation was willful and done with the intention of obtaining a benefit to which Defendant Casey Bartholomew knew she was not entitled.

64.    Defendant Casey Bartholomew had an ongoing duty to provide the Plan with proper, truthful, accurate and any updated information regarding her relationship to Justin

Bartholomew, including notification of divorce.  The terms of the Plan expressly require participants and beneficiaries to notify the plan of their divorce.

65.    It is alleged that Defendant Casey Bartholomew failed to notify the Plan of her divorce so that she could be enrolled in coverage after her divorce to Justin Bartholomew and to continue to receive coverage.

66.    It is alleged that Defendant Casey Bartholomew knowingly used the Plan's coverage when she was ineligible due to her divorce.  (*See* Payout Summary, Exhibit 3.)

67.    It is alleged that Defendant Casey Bartholomew knowingly presented Plan medical benefit cards to her medical providers in order to take advantage of the improper coverage she was receiving from the Plan.

68.    The Plan was ignorant at the time the misrepresentations were made by the Defendants as to their marital status, and believed these representations to be true.

69.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage to Defendant Casey Bartholomew which it would not have provided but for the fraudulent misrepresentation of the Defendants' marital status.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

<u>**COUNT IV**</u>
**<u>Federal Common Law Negligent Misrepresentation</u>**
**<u>(Defendants Justin Bartholomew and Casey Bartholomew)</u>**

70.    Paragraphs 1-69 of the Complaint are incorporated herein by reference.

71.    It is alleged that Defendant Justin Bartholomew negligently misrepresented his marital status to the Plan resulting in the eligibility, coverage, and payment of benefits for Defendant Casey Bartholomew to which she was not entitled.

72.    It is alleged that Defendant Justin Bartholomew failed to exercise reasonable care or competence in obtaining and/or communicating his marital status to the Plan from the time period of December 8, 2020 to approximately May 15, 2023.

73.    It is alleged that Defendant Justin Bartholomew knew or should have known that Defendant Casey Bartholomew was not eligible to receive coverage from the Plan as a dependent of Defendant Justin Bartholomew after the couple's December 8, 2020 divorce.  The terms of the SPD expressly require participants and beneficiaries to alert the plan of their divorce.

74.    Defendant Justin Bartholomew breached his duty to provide the Plan with accurate, truthful, and/or proper information related to his marital status.

75.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage to Defendant Casey Bartholomew, which it would not have provided but for the negligent misrepresentation of the Defendants' marital status.

76.     It is alleged that Defendants Justin Bartholomew and Casey Bartholomew negligently misrepresented her marital status to the Plan resulting in the payment of benefits on her behalf to which she was not entitled.

77.     It is alleged that Defendants Justin Bartholomew and Casey Bartholomew failed to exercise reasonable care or competence in obtaining and/or communicating her marital status to the Plan from the time period of December 8, 2020 to approximately May 15, 2023.

78.     It is alleged that Defendants Justin Bartholomew and Casey Bartholomew knew or were negligent that Casey Bartholomew continued to use the coverage until May 15, 2023 and present the Plan medical cards to her providers.

79.     It is alleged that Defendant Justin Bartholomew knew or should have known that Defendant Casey Bartholomew was not eligible to receive coverage from the Plan as a dependent spouse since their divorce on December 8, 2020.

80.     Defendants Justin Bartholomew and Casey Bartholomew breached their duty to provide the Plan with accurate, truthful, and/or proper information related to their marital status.

81.     As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage to Defendant Casey Bartholomew, which it would not have provided but for the negligent misrepresentation of the Defendants' marital status.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew

15

and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g),

interest and costs of litigation, and any other relief the Court considers just and appropriate.


### COUNT V
### Federal Common Law Unjust Enrichment
### (Defendants Justin Bartholomew and Casey Bartholomew)

82.    Paragraphs 1-81 of the Complaint are incorporated herein by reference.

83.    Protections and Benefits from the Plan were conferred on the Defendants by the

Plan's coverage of Defendant Casey Bartholomew from December 8, 2020 to approximately

May 15, 2023.

84.    It is alleged that Defendants appreciated these benefits by Defendant Casey

Bartholomew receiving coverage and use of such coverage.

85.    It is alleged that the acceptance and retention of such benefits is inequitable for

Defendants to retain the benefits without payment.  (*See Airco Indus. Gases, Inc. Div. of the*

*BOC Group, Inc. v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity*,

850 F.2d 1028, 1033-34 (3d Cir. 1988).)

86.    It is alleged that the Defendants, as a result of the misrepresentation of their

marital status, were unjustly enriched, having received medical and prescription coverage for

Defendant Casey Bartholomew from the Plan, that Defendants would have paid for such medical

and prescription coverage.

87.     Defendants were unjustly enriched, having received medical coverages and claims paid on behalf of Defendant Casey Bartholomew totaling $4,684.71 from the Plan that it would not have otherwise paid to Defendant Casey Bartholomew's health care providers.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as a mistaken dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

### COUNT VI
### Pennsylvania State Law Fraud
### (Justin Bartholomew and Casey Bartholomew)

88.     Paragraphs 1-87 of the Complaint are incorporated herein by reference.

89.     State fraud claims allow for recovery by an ERISA plan against its members. (*See Aftra Health Fund v. Biondi*, 303 F.3d 765 (7th Cir. 2002); *New York State Teamsters Council Health & Hospital Fund v. Williams*, 2009 WL 2515651 at *2 (N.D. NY 2009) citing *Frommert v. Conkright*, 433 F.3d 254 (2d Cir. 2006).)

90.     It is alleged that Defendant Justin Bartholomew deliberately and knowingly misrepresented his marital status to the Plan.

91.     Defendant Justin Bartholomew, as an eligible member to receive coverage, had a special relationship with the Plan.  As a participant or beneficiary of the Plan, Defendant Justin

Bartholomew had a duty to notify the Plan of his divorce and provide accurate and not misleading information regarding his marital status.

92.    Defendant Justin Bartholomew failed to alert the Plan of his divorce to Casey Bartholomew until May 15, 2023.

93.    Defendant Justin Bartholomew's misrepresentation involved a material fact in that the Plan would not have provided coverage to Defendant Casey Bartholomew if known.

94.    It is alleged that Defendant Justin Bartholomew's misrepresentation was willful and done with the intention of obtaining medical benefit and prescription drug coverage for his ex-wife Defendant Casey Bartholomew.

95.    It is alleged that Defendant Justin Bartholomew made the misrepresentation that he was married to Defendant Casey Bartholomew, even though the December 8, 2020 divorce made her ineligible.

96.    As a result of this misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage to Defendant Casey Bartholomew, which it would not have provided but for the fraudulent misrepresentation of the Defendants' marital status.

97.    It is alleged that Defendant Casey Bartholomew deliberately and knowingly misrepresented her marital status to the Plan resulting in the provision of coverage and payment of benefits for Defendant Casey Bartholomew to which she was not entitled.  Defendant Casey Bartholomew failed to alert the Plan of her divorce.

98.    The provision of coverage to Defendant Casey Bartholomew, under the misrepresentation of her marital status, created a special relationship with the Plan.  As a participant or beneficiary of the Plan, even if under false pretenses, Defendant Casey

Bartholomew had a duty to accurately notify the Plan of her marital status and December 8, 2020 divorce. Defendant Casey Bartholomew failed to alert the Plan of her divorce.

99.    Defendant Casey Bartholomew's misrepresentation involved a material fact in that the Plan would not otherwise provide coverage to Defendant Casey Bartholomew.

100.    It is alleged that Defendant Casey Bartholomew's misrepresentation and/or failure to notify the Plan was willful and done with the intention of obtaining a benefit to which Defendant Casey Bartholomew knew she was not eligible.

101.    It is alleged that Defendant Casey Bartholomew actively used the coverage into 2023, and continued to present her Plan medical benefit cards to her providers.

102.    It is alleged that Defendant Casey Bartholomew failed to notify the Plan of her divorce so that she could continue to receive coverage.

103.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage and protection to Defendant Casey Bartholomew, which it would not have provided but for the fraudulent misrepresentation of the Defendants' marital status.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

<u>COUNT VII</u>
<u>Pennsylvania State Law Negligent Misrepresentation</u>
<u>(Defendants Justin Bartholomew and Casey Bartholomew)</u>

104.    Paragraphs 1-103 of the Complaint are incorporated herein by reference.

105.    Plaintiff brings this State Law claim to the extent that it is not preempted by Plaintiff's Federal Claims, or in the alternative, and asks the court to exercise supplemental jurisdiction over this State Law claim.

106.    It is alleged that Defendant Justin Bartholomew negligently misrepresented his marital status to the Plan.

107.    Defendant Justin Bartholomew, as an eligible participant, receiving medical and prescription coverage through the Plan, had a special relationship with the Plan.  As a participant or beneficiary of the Plan, Defendant Justin Bartholomew had a duty to notify the Plan of his divorce and provide accurate and not misleading information regarding his marital status.

108.    It is alleged that Defendant Justin Bartholomew failed to alert the Plan of his divorce to Casey Bartholomew until May 15, 2023.

109.    It is alleged that Defendant Justin Bartholomew knew or should have known that Defendant Casey Bartholomew was not eligible to receive coverage from the Plan as a dependent of Defendant Justin Bartholomew after the couple's December 8, 2020 divorce.  As a Plan participant, Defendant Justin Bartholomew received the SPD.

110.    It is alleged that Defendant Justin Bartholomew breached his duty to provide the Plan with accurate, truthful, and/or proper information related to his marital status.

111.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage and protection to Defendant Casey Bartholomew,

which it would not have provided but for the negligent misrepresentation of the Defendants' marital status.

112.    It is alleged that Defendant Casey Bartholomew negligently misrepresented her marital status to the Plan resulting in the provision of medical and prescription coverages and the payment of benefits for her to which she was not entitled.

113.    It is alleged that Defendant Casey Bartholomew failed to exercise reasonable care or competence in obtaining and/or communicating her marital status to the Plan from the time period of December 8, 2020 to approximately May 15, 2023.

114.    It is alleged that she continued to use the coverage until 2023 and present the Plan medical benefit cards to her providers.

115.    It is alleged that Defendant Casey Bartholomew knew or should have known that she was not eligible to receive coverage from the Plan as a spouse or dependent of Defendant Justin Bartholomew after the couple's December 8, 2020 divorce.  Copies of the SPD were mailed to the Defendants' address on file with the Plan.

116.    It is alleged that Defendant Casey Bartholomew breached her duty to provide the Plan with accurate, truthful, and/or proper information related to her marital status.

117.    As a result of that misrepresentation, and relying upon it, the Plan provided ongoing medical and prescription coverage and protection to Defendant Casey Bartholomew, which it would not have provided but for the negligent misrepresentation of the Defendants' marital status.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey

Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

## COUNT VIII
### Pennsylvania State Common Law Unjust Enrichment
### (Defendants Justin Bartholomew and Casey Bartholomew)

118.    Paragraphs 1-117 of the Complaint are incorporated herein by reference.

119.    Plaintiff brings this State Law claim to the extent that it is not preempted by Plaintiff's Federal Claims, or in the alternative, asks the court to exercise supplemental jurisdiction over this State Law claim. (*See U.S. Renal Care, Inc. v. Wellspan Health*, 2015 WL 5286638 p. *1, *12 (M.D. Pa 2015) [the district court refused to dismiss an ERISA plan's claims for unjust enrichment based on Pennsylvania state law for overpayments the plan made to a healthcare provider].)

120.    Benefits from the Plan were conferred on the Defendants by the Plan's coverage of Defendant Casey Bartholomew from December 8, 2020 to approximately May 15, 2023.

121.    It is alleged that Defendants appreciated these benefits by Defendant Casey Bartholomew receiving and use of coverage.

122.    Acceptance, retention, and use of such benefits would be inequitable for Defendants to retain the benefits without payment.

123.    It is alleged that Defendants, as a result of the misrepresentation of their marital status, were unjustly enriched, having received medical and prescription coverage for Defendant Casey Bartholomew.

124.    It is alleged that Defendants, as a result of the misrepresentation of their marital status, were unjustly enriched, having received medical and prescription coverage for Defendant Casey Bartholomew from the Plan, that Defendants would have otherwise had to pay for such medical and prescription coverage.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant it an order for judgment in favor of the Plaintiff and against Defendants Justin Bartholomew and Casey Bartholomew for the reimbursement for this coverage provided to Defendant Casey Bartholomew as an ineligible dependent spouse or beneficiary of Defendant Justin Bartholomew and not reimbursed to the Plan, together with attorneys' fees to date of $5,000 under ERISA 29 U.S.C. § 1132(g), interest and costs of litigation, and any other relief the Court considers just and appropriate.

Respectfully Submitted,


Stephen J. O'Brien & Associates, LLC

Dated: April 12, 2024                    By:/s/ Elizabeth F. Charles
                                                Stephen J. O'Brien
                                                Elizabeth F. Charles
                                                Attorney for Plaintiff
                                                650 Ridge Road Suite 400
                                                Pittsburgh, PA 15205
                                                (412) 788-7560
                                                (412) 788-7563 (fax)

23